UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X
                                    :
In re:                              :
                                    :   Chapter 11
COUDERT BROTHERS LLP,               :
                                    :   Case No. 06-12226 (RDD)
            Debtor.                 :
------------------------------------X
                                    :
DEVELOPMENT SPECIALISTS, INC.,      :   Adv. Pro. No. 08-01453 (RDD)
in its capacity as Plan Administrator for :
Coudert Brothers LLP,               :
                                    :
            Plaintiff,              :
                                    :
v.                                  :
                                    :
STEPHEN MONTRAVERS and              :
MONTRAVERS & PARTNERS,              :
                                    :
            Defendants.             :
------------------------------------X

**HONORABLE ROBERT D. DRAIN**
**UNITED STATES BANKRUPTCY JUDGE:**

### PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

The Bankruptcy Court of the Southern District of New York hereby files these proposed findings of fact and conclusions of law for review by the District Court of the Southern District of New York pursuant to 28 U.S.C. § 157(c)(1), Federal Rule of Bankruptcy Procedure 9033, and Local Bankruptcy Rule 9033-1, for entry of a final order confirming an arbitration award pursuant to 9 U.S.C. § 9.

## PROPOSED FINDINGS OF FACT

**I.    Parties**

Plaintiff Development Specialists, Inc., in its capacity as Plan Administrator of Coudert Brothers, LLP (the "Plan Administrator"), has moved this Court to confirm an arbitration award pursuant to 9 U.S.C. § 9 in the above-captioned adversary proceeding.

Coudert Brothers, LLP ("Coudert" or the "Debtor") was an international law firm headquartered in New York which was organized as a New York limited liability partnership as of October 1, 2001. Defendant Stephen Montravers ("Montravers") was a partner in the Debtor (McCarthy Dec. ¶¶2, 3).

The Debtor dissolved on August 16, 2005 (the "Dissolution Date"). On August 23, 2005, the Executive Board of Coudert established a Special Situation Committee ("SSC") to oversee the wind down and dissolution of the Debtor (*Id.* ¶¶2, 5).

On September 22, 2006 (the "Petition Date"), the Debtor filed in this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code (Case No. 06-12226, "Bankruptcy Case"). By Order dated August 27, 2008 (Bankruptcy Case, Doc. No. 878), this Court confirmed the First Amended Plan of Liquidation of Coudert Brothers LLP dated May 9, 2008 (as modified) (the "Plan," Bankruptcy Case, Doc. No. 894) (McCarthy Dec. ¶4).

On May 30, 2008, the SSC provided all partners in the Debtor, including Montravers, with a memorandum (the "May 30, 2008 Memorandum") setting forth detailed calculations of the amount of money the Debtor asserted was owed by that partner (*Id.* ¶5; Ex. A).

Pursuant to Section 5.2 of the Plan, on the Effective Date, the Plan Administrator became the exclusive representative of the estate under Section 1123(b)(3)(B) of the Bankruptcy Code and was authorized to "assert, prosecute, pursue . . . all Claims, Causes of Action and actions to collect the Receivables, including against Non-Participating Partners . . . and assert and enforce

2

all legal and equitable remedies and defenses belonging to the Debtor or its Estate . . ." (Bankruptcy Case, Doc. No. 693).

Pursuant to Article 7 of the Plan, a former partner of the Debtor could participate in the Plan by executing a Participating Settlement Agreement with the Plan Administrator and fulfilling all of his/her obligations to the Debtor in connection with the Participating Settlement Agreement, thereby settling all of that partner's asserted obligations owed by him/her as set forth in the May 30, 2008 Memorandum (McCarthy Dec. ¶5).

Under Section 1.65 of the Plan, a "Participating Partner" was defined as "a Partner who executes a Participating Settlement Agreement with the Plan Administrator and fulfills all obligations to the Estate in connection with such Participating Settlement Agreement." Under Section 1.63 of the Plan, a "Non-Participating Partner" was defined as "any Partner other than a Participating Partner." (*Id.* ¶¶6-7).

Montravers is a Non-Participating Partner as defined in the Plan (*Id.* ¶8).

## II.  Background and Procedural History

Within two weeks after the Effective Date of the Plan, the Plan Administrator commenced adversary proceedings against various Non-Participating Partners, including Montravers. The adversary complaint against Montravers and Montravers & Partners sought breach of contract damages for failure to reimburse or repay Coudert tax payments that Coudert had made on Montravers's behalf and loans/advances that Coudert made to Montravers or paid on his behalf, in the total amount of $22,167.94 (*Id.* ¶¶9-12).

The amended and restated Partnership Agreement dated as of June 21, 2002 (the "June 2002 Partnership Agreement") was the last one to which Montravers was a party (*Id.* ¶13; Ex. B). The June 2002 Partnership Agreement contained an arbitration clause:

3

> **Arbitration:** Any dispute or controversy arising under or in connection with this Agreement among the parties subject hereto shall be determined by arbitration pursuant to the rules of the American Arbitration Association.
>
> **Site:** The arbitration shall be held in the City of New York.

On June 17, 2013, the Plan Administrator moved in the Bankruptcy Court to compel arbitration of the contract-related claims in several adversary proceedings where the Non-Participating Partner defendants were domiciled in foreign countries, including this adversary proceeding. By Order dated July 19, 2013, this Court granted the Plan Administrator's First Motion to Compel Arbitration Against Foreign Defendants (Bankruptcy Case, Doc. No. 1529), ordering that the contract-related claims shall be arbitrated pursuant to the applicable arbitration provision in the Debtor's Partnership Agreement, and further ordering that, upon the parties' consent, the fraudulent transfer claims shall also be arbitrated[1] (*Id.* ¶¶14-15).

### III.   The Arbitration

On or about September 6, 2013, the Plan Administrator commenced an arbitration against ten foreign partners (the "Respondents"), entitled *DSI v. Bailleux, et al.*, Case No. 50-194-T-00850-13, before the International Centre for Dispute Resolution of the American Arbitration Association (the "ICDR Arbitration"), including Montravers (*Id.* ¶17).

On February 14, 2014, Barbara A. Mentz, Esq., was duly appointed the sole arbitrator for the ICDR Arbitration (the "Arbitrator") (*Id.* ¶18). The Arbitrator conducted a preliminary hearing conference call on April 10, 2014 (*Id.* ¶19). Notice of this conference call was served on all parties by the ICDR (*Id.*). Montravers did not respond to the Demand for Arbitration or otherwise participate in the ICDR Arbitration (*Id.* ¶20). Article 26 of the ICDR's rules address

---

[1] As fraudulent transfer claims are exempt from prepetition arbitration clauses, the Plan Administrator had requested that this Court grant leave to arbitrate those claims only if the partner defendant consented to arbitrate such claims. The Plan Administrator did not assert a fraudulent transfer claim against Montravers.

default and allow the arbitrations to proceed as long as the defaulting party has been duly notified[2] (*Id.* ¶21).

The Arbitrator decided to conduct all proceedings telephonically in light of the worldwide geographic diversity of the Respondents (*Id.* ¶23). Hearings were held by telephone on July 15, 2014 and August 1, 2014 (*Id.* ¶24). Despite having received notice of these hearings, Montravers did not appear or otherwise participate in the Hearings (*Id.*).

In order to ensure that Montravers (and the other Respondents) received due process, the Arbitrator undertook several steps including issuing two orders, requiring the Plan Administrator to submit additional material on this issue, and conducting a conference call on October 30, 2014 (*Id.* ¶25). Notice of all of these events was provided to each Respondent, none of whom objected to either the Arbitrator's action or the materials submitted by the Plan Administrator (*Id.*). The Arbitrator also invited the Plan Administrator and the Respondents to submit additional evidence after the telephonic hearings (*Id.* ¶26). The Plan Administrator provided the additional evidence (*Id.*). None of the Respondents objected to that evidence or submitted his own evidence (*Id.*).

The record was closed in early 2015 (*Id.* ¶27).

**IV.    The Arbitration Award**

The Arbitrator issued her Final Award on September 30, 2015 (the "Final Award") (*Id.* ¶28). The Arbitrator certified that the Final Award was made in New York, New York (*Id.* ¶29). The Final Award determined that six of the Respondents owed the Plan Administrator US$267,806.53. The Final Award directed that the awards against the six Respondents include a total of 34 percent of the administrative fees and expenses of the ICDR on a proportionate basis.

---

[2] One of the other Respondents, Jeremy Joseph Bartlett, challenged the venue of the ICDR Arbitration in New York. By order on June 23, 2014, the Arbitrator denied the challenge to venue and determined that venue was proper in New York.

As to each Respondent, the Final Award included a schedule addressing specifically the claims against that Respondent.

Schedule F addressed the claims against Montravers. Under Schedule F, the Arbitrator determined that:

a. Montravers received due notice of the ICDR Arbitration and an opportunity to be heard;

b. Montravers was an equity partner of Coudert and a party to the June 2002 Coudert Partnership Agreement; and

c. the Plan Administrator had proven that Montravers (a) owed US$22,167.94 in damages for breach of contract; (b) owed pre-Award interest on that amount at nine percent per annum from August 1, 2008 through the date of the Final Award, September 30, 2015, pursuant to CPLR 5004 (US$14,299.17); and (c) must reimburse the Plan Administrator US$1,895 for his share of the ICDR administrative fees and the Arbitrator's compensation and expenses; which total US$38,362.17 (the "Montravers Award").

On July 29, 2016, the Plan Administrator moved for an order confirming the Montravers Award ("Motion to Confirm").

Montravers has not paid any portion of the Montravers Award and he has not moved to vacate the Montravers Award, after due service, as discussed below.

## PROPOSED CONCLUSIONS OF LAW

### I.     Authority

The Plan Administrator has moved for confirmation of the Montravers Award. The Plan Administrator's motion involves both core and non-core matters under 28 U.S.C. § 157. Because a claim for prepetition breach of contract is non-core, the Bankruptcy Court cannot enter a final

6

order or judgment with respect to the breach of contract claim. *Stern v. Marshall*, 564 U.S. 462 (2011).

As to confirmation of the Montravers Award, this Court has considered the Plan Administrator's motion and files herein its proposed findings of fact and conclusions of law for review by the District Court pursuant to 28 U.S.C. § 157(c)(1); Federal Rule of Bankruptcy Procedure 9033; and Local Bankruptcy Rule 9033-1.

## II.    Confirmation of the Montravers Award

The arbitration proceedings and the issuance of the Montravers Award were in all respects proper, and therefore the Montravers Award is final and binding. In light of Montravers's failure to participate in this adversary proceeding, to participate in the Arbitration and to pay the Montravers Award, a judgment on the Montravers Award is necessary in order to permit the Plan Administrator to enforce it.

The Plan Administrator's application to confirm the arbitration award is authorized by Section 9 of the Federal Arbitration Act (the "FAA"), 9 U.S.C. § 9. No court was specified in the June 2002 Partnership Agreement. Section 9 of the FAA provides that "[i]f no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made." The Final Award was made within this District.

The Montravers Award was not the product of corruption, fraud, partiality or undue means, and is not subject to any of the grounds listed in the FAA for vacatur. 9 U.S.C. § 10. The Plan Administrator's application for confirmation of the Montravers Award was filed within one year of the Final Award's issuance.

## III.    Service on Montravers

The FAA provides, in pertinent part:

7

> Notice of the application shall be served upon the adverse party, and thereupon the court shall have jurisdiction of such party as though he had appeared generally in the proceeding. . . If the adverse party shall be a nonresident, then the notice of the application shall be served by the marshal of any district within which the adverse party may be found in like manner as other process of the court.

9 U.S.C. § 9. The Second Circuit has noted that the final sentence in Section 9 describing that service on nonresidents requires that service be "in like manner as other process by the court" means that a plaintiff seeking to confirm an arbitration award need only comply with the requirements of Fed. R. Civ. P. 4 for initial service of process of regular civil suits. *See Reed v. Martin, Inc. v. Westinghouse Elec. Corp.*, 439 F.2d 1268, 1277 (2d Cir. 1971) (noting in dicta that "[t]he phrase 'in the like manner as other process of the court' found in § 9 of the Arbitration Act refers to Fed. R. Civ. P. 4 on the accomplishment of appropriate service . . ."); *see also Marine Trading v. Naviera Commercial Naylamp S.A.*, 879 F. Supp. 389 (S.D.N.Y. 1995) (finding that Rule 4 "sets out means of extraterritorial service of process" and therefore "affords a reasonable guide for what the parties contemplated" when they agreed to resolve disputes by arbitration in New York); *In re Arbitration between InterCarbon Bermuda, Ltd. and Caltex Trading & Transp. Corp.*, 146 F.R.D. 64 (S.D.N.Y. 1993) (finding that service of a notice of motion to confirm an arbitration award should be effectuated pursuant to the procedures set forth in Rule 4). In the absence of language in the FAA providing for service of a respondent with notice of a motion to confirm an arbitration award in a district that does not lie within a judicial district of the United States, the Plan Administrator was required to serve Montravers "in like manner" as a foreign defendant would be served with process pursuant to Rule 4.

Rule 4(f)(1) allows for extraterritorial service of a foreign defendant through "any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial

8

Documents." Fed. R. Civ. P. 4(f)(1). The Hague Convention sets forth, for participating countries, including France, a detailed method of service whereby each participating state designates a "Central Authority" to receive requests for service from other states. In France, the "Central Authority" is the Ministry of Justice. Montravers is located within Paris, France.

Montravers was properly served with the Notice of Hearing and the Motion to Confirm, pursuant to Fed. R. Civ. P. 4(f)(1), via the Ministry of Justice. Plaintiff filed with this Court an Amended Proof of Service of Notice of Application to Confirm Arbitration Award demonstrating that Mr. Montravers was personally served with the papers in support of the Motion to Confirm, including the Notice of Motion, on January 3, 2017, and annexing a true and correct copy of documents confirming such service (Adversary Proceeding, Doc. No. 25).

Montravers is subject to personal jurisdiction in this District by virtue of consenting to arbitration in New York. *Victory Transp., Inc. v. Comisaria General de Abastecimientos y Transportes*, 336 F.2d 354, 364 (2d Cir. 1964) (holding that by consenting to arbitration in New York, the appellant had consented to in personam jurisdiction of the District Court and thus "the sole function of process in this case was … to notify the appellant that proceedings had commenced."); *Scandinavian Reinsurance Co. Ltd. v. St. Paul Fire & Marine Ins. Co.*, 732 F. Supp. 2d 293, 305 (S.D.N.Y. 2010) ("when parties enter into an agreement to arbitrate in a particular forum, they consent to personal jurisdiction in the courts of that forum"), *rev'd on other grounds*, 668 F.3d 60 (2d Cir. 2012); *Assoc. Indus. Ins. Co. v. Excalibur Reins. Corp.*, No. 13 Civ. 8239 (CM), 2014 WL 6792021, at *4 (S.D.N.Y. Nov. 26, 2014) (quoting *Scandavian Re* opinion). Service of the Notice of Motion as described above satisfied the notice requirement under Section 9 of the FAA. *Home Ins. Co. v. RHA/Penn. Nursing Homes, Inc.*, 113 F. Supp. 2d 633, 635n (S.D.N.Y. 2000) ("Respondent was served with a notice of petition, thus satisfying that requirement [in 9 U.S.C. § 9]."); *Scandinavian Re*, 732 F. Supp. 2d at 305 ("only purpose of

process in cases resulting from arbitration proceedings within a court's jurisdiction is to alert the opposing party that a court action has commenced, not to establish personal jurisdiction over the opposing party"); *Assoc. Indus. Ins.*, 2014 WL 6792021 at *4 (holding that service of notice of motion is sufficient under Section 9 of the FAA).

## CONCLUSION

Based on the foregoing, this Court respectfully recommends that the District Court adopt these proposed findings of fact and conclusions of law and grant the Plan Administrator's application to confirm the Montravers Award in the amount of US$38,362.17 and direct the clerk to enter judgment in that amount plus interest thereon from September 30, 2015 at nine percent per annum.

Dated: White Plains, New York
       July 5, 2017

                              /s/Robert D. Drain
                              HONORABLE ROBERT D. DRAIN
                              UNITED STATES BANKRUPTCY JUDGE